# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11896-RGS

ROBERT PHILLIP BAKER,

v.

CHARLES MATZEIS,

ORDER

August 6, 2011

STEARNS, D.J.

Plaintiff Robert Baker initiated this case on October 26, 2011, against Charles Matzeis, who was employed as a court security officer at the Taunton Superior Court. This case arises out of Baker's utilization of the Taunton courthouse "to file a complaint to gain custody of his children and . . . to recover millions of dollars stolen from him." Compl. ¶ 10. Baker avers that Matzeis began restricting Baker's access to the courthouse law library, and in 2009, banned him from entering the courthouse "at all." Id. ¶¶ 13-16. Baker claimed that his inability to use the law library or the clerk's office violated the First, Sixth, Ninth and Fourteenth Amendments to the Constitution and resulted in his loss of "$10,000,000.00, interest and accumulated consumer price index and the custody of [his] minor children." Id. ¶ 23.

On June 28, 2012, this court issued an Order noting that Baker had failed to

make proper service on Matzeis under Rule 4(e), but provided him thirty additional days (until July 31, 2012) to do so. On July 30, 2012, Baker filed a letter, which as best as the court can understand, contends that he attempted to serve the summons on Office of the Massachusetts Superior Court - Chief Justice Mulligan's office. However, Baker "didn't have the Complaint and they . . . brought out the complaint they had so that every item here with a date stamp came from this defendant so the defendant is in default." Dkt #9. Significantly, neither Chief Justice Mulligan nor the Massachusetts trial court is a named defendant in this case. In its prior Order, the court pointed out that Baker had failed to make proper service on Matzeis – that "service at a last known place of employment is insufficient." June 28, 2012 Order. The court added that "Mr. Baker will be provided an additional thirty (30) days, until July 31, 2012, to make proper service on the named defendant - Charles Matzeis - or this case will be dismissed."

This Baker has not done. The Proof of Service completed by Baker indicates that he personally served a copy of a summons to "Daniel Sullivan" on behalf of "Commonwealth of Massachusetts - Administrative Office of Trial Court." As previously indicated, this is not proper service under Fed. R. Civ. P. 4(e). Moreover, service must be made by a non-party. *See* Fed. R. Civ. P. 4(c)(2). Consequently, as previously cautioned, this case is DISMISSED.

The court reminds Baker that on December 19, 2011, Judge Tauro (of this district) enjoined him, when proceeding *pro se*, from filing any Complaints in this court unless he first obtains prior leave of the court. Accordingly, the Clerk is directed to return to Baker any further unapproved filings.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE